Susan Brown (SBN #287986)
SUSAN BROWN LEGAL SERVICES
388 Market Street, Suite 1300
San Francisco, CA 94111
susan@susanbrownlegal.com
Telephone: (415) 712-3026

*Additional counsel appear on signature page*

*Attorney for Plaintiff Eugene Mannacio and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EUGENE MANNACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHACORE CAPITAL LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Eugene Mannacio, by his undersigned counsel, for this class action complaint against Defendant AlphaCore Capital LLC (hereinafter "AlphaCore" or "Defendant") and its present, former, and future direct and indirect parents, subsidiaries, affiliates, agents, and related entities, alleges as follows:

## I.   INTRODUCTION

1.   <u>Nature of Action</u>: This case arises from Defendant's unsolicited telemarketing in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.   The telemarketing targeted, among other telephone lines, cellular telephones and numbers listed on the National Do Not Call Registry ("NDNCR").

3.      For every 17,000,000 robocalls, there's only one TCPA lawsuit in federal court. *Compare* Mike Snider, *Robocalls Rang Up a New High in 2019* (Jan. 15, 2020), https://www.usatoday.com/story/tech/2020/01/15/robocalls-americans-got-58-5-billion-2019/4476018002/ (58.5 billion robocalls); *with* WebRecon, *WebRecon Stats for Dec 2019 & Year in Review* (last visited December 7, 2020), https://webrecon.com/webrecon-stats-for-dec-2019-year-in-review/ (3,267 TCPA complaints).

## II.    PARTIES

4.      Plaintiff Eugene Mannacio ("Plaintiff") is a natural person.

5.      Plaintiff resides in Novato, California.

6.      AlphaCore Capital is a limited liability company.

7.      AlphaCore Capital's principal place of business is 875 Prospect Street, Suite 315 in La Jolla, CA 92037.

8.      AlphaCore Capital does business in California, in this District.

## III.    JURISDICTION AND VENUE

9.      <u>Jurisdiction</u>: This Court has federal-question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

10.     <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because its principal place of business is in California and the telemarketing at issue targeted a California area code.

11.     <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the direction of the illegal telemarketing from Defendant's office—occurred in this District.

12.     <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the illegal telemarketing occurred in Novato.

CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES
*Mannacio v. AlphaCore Capital LLC*

## IV.   FACTS

### A.   The Enactment of the TCPA and the FCC's Regulations Thereunder

13.   Enacted in 1991, the TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

14.   <u>Prior Express Written Consent</u>: The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted).

15.   <u>Do Not Call Registry</u>: Additionally, the TCPA outlaws unsolicited telemarketing (robocalls or otherwise) to telephone numbers on the NDNCR. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(c)(5).

### B.   Factual Allegations Regarding Defendant

16.   AlphaCore is a "wealth advisory firm with a national presence dedicated to providing [its] clients with comprehensive wealth management plans." https://www.alphacorecap.com/ (last visited December 8, 2020).

17.   To generate business, AlphaCore relies on telemarketing.

- 3 -
CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES
*Mannacio v. AlphaCore Capital LLC*

18.     Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**C.     Defendant's Unsolicited Telemarketing to Plaintiff**

19.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff owns and uses the telephone number 415-883-XXXX.

21.     Plaintiff's telephone number is used for residential purposes only and is not associated with a business.

22.     Plaintiff's telephone number has been listed on the NDNCR since 2003.

23.     Plaintiff has never done business with AlphaCore.

24.     Plaintiff has never consented to receive calls from AlphaCore.

25.     Despite these facts, on December 2, 2020, Plaintiff received at least two telemarketing calls from AlphaCore.

26.     Plaintiff was not interested and hung up during the first call.

27.     However, Defendant called Plaintiff back a second time.

28.     During the second call, the caller inquired as to whether Plaintiff or his wife were interested in AlphaCore's investing services.

29.     The caller identified himself as "Michael" and stated that he was calling from from AlphaCore Investing.

30.     "Michael" confirmed that he was an employee of AlphaCore.

31.     The purpose of the call was to again inquire as to whether Plaintiff or his wife were interested in AlphaCore's investing services.

32.     Again, Plaintiff was not, nor had he ever been, interested in AlphaCore's services.

33.     During the second call from AlphaCore, Plaintiff asked "Michael" if he knew that his telephone number was on the National Do Not Call Registry.

34.     "Michael" stated that he was not aware.

35.     Both of the telemarketing calls Plaintiff received were placed from Caller ID number (201) 696-8422.

36.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## V.     CLASS ACTION ALLEGATIONS

37.     <u>Class Definition</u>: Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a class defined as follows:

> All persons in the United States to whom: (a) Defendant and/or a third party acting on Defendant's behalf made more than one call advertising its goods or services; (b) within a 12-month period; (c) to a residential telephone number; (d) that was listed on the National Do Not Call Registry for at least 31 days; (e) between the date four years before the filing of the original complaint in this case and the first day of trial.

This is referred to as the "Class."

38.     Plaintiff is a member and proposed representative of the Class.

39.     <u>Exclusions</u>: Excluded from the Class are Defendant, any entity in which any of Defendant has a controlling interest or that has a controlling interest in any of Defendant, Defendant' legal representatives, assignees, and successors, the judges to whom this case is assigned and the employees and immediate family members of all of the foregoing.

40.     <u>Numerosity</u>: The Class is so numerous that joinder of all its members is impracticable as telemarketing campaigns are typically conducted *en masse*.

41.     <u>Commonality</u>: There are many questions of law and fact common to Plaintiff and class members makes this dispute amenable to classwide resolution. These common questions of law and fact include, but are not limited to, the following:

a.     whether the calls were dialed were solicitations;

CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES
*Mannacio v. AlphaCore Capital LLC*

b.      whether Defendant's desire to sell its services constitutes an "emergency" within the meaning of the TCPA;

c.      whether Defendant is in the United States;

d.      whether Defendant had a pattern and practice of failing to obtain prior express written consent from people to whom they directed telemarketing;

e.      whether Defendant had a pattern and practice of failing to remove numbers on the NDNCR from their telemarketing lists;

f.      whether Defendant' violations of the TCPA were knowing or willful; and

g.      whether Defendant should be enjoined from continuing to telemarket to people in violation of the TCPA.

42.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same automated telemarketing by Defendant and seek the same legal and equitable remedies.

43.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel experienced in TCPA class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed class.

44.     <u>Superiority</u>: The foregoing common issues predominate over any individual issues, making a class action the superior means of resolution. Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for class members, and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA.

45.     <u>Appropriateness</u>: Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate on a classwide basis.

### VI.     FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act

**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

46.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

49.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one phone call in a 12-month period by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

50.     Plaintiff is also entitled to an injunction under the TCPA and seeks to enjoin the Defendant from making telemarketing calls to numbers on the National Do Not Call Registry.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all class members, prays for judgment against Defendant as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that actions complained of herein violate the TCPA;

1  E.  An order enjoining Defendant from making telemarketing calls to numbers on the

2  National Do Not Call Registry;

3  F.  An award to Plaintiff and the Class of damages, as allowed by law;

4  G.  Leave to amend this complaint to conform to the evidence presented at trial; and

5  H.  Orders granting such other and further relief as the Court deems necessary, just,

6  and proper.

7  ## VIII.   DEMAND FOR JURY

8  Plaintiff demands a trial by jury for all issues so triable.

9  ## IX.   SIGNATURE ATTESTATION

10  The CM/ECF user filing this paper attests that concurrence in its filing has been obtained

11  from its other signatories.

12  RESPECTFULLY SUBMITTED AND DATED on December 8, 20.

13  By: */s/ Susan S. Brown*

14

15  Susan S. Brown
   SUSAN BROWN LEGAL SERVICES
16  388 Market Street, Suite 1300
   San Francisco, CA 94111
17  susan@susanbrownlegal.com
   Telephone: (415) 712-3026
18

19  Mary Carolyn Turke, *Subject to Admission Pro Hac Vice*
20  TURKE & STRAUSS LLP
   612 Williamson Way
21  Suite 201
   Madison, WI 53703
22  Telephone: 608-237-1775
   Email: mary@turkestrauss.com
23  Email: sam@turkestrauss.com
   Email: austind@turkestrauss.com
24

25  Anthony I. Paronich, *Subject to Admission Pro Hac Vice*
26  PARONICH LAW, P.C.
27  350 Lincoln Street, Suite 2400

28

CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES
*Mannacio v. AlphaCore Capital LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@bparonichlaw.com

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES
*Mannacio v. AlphaCore Capital LLC*