UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE MANNACIO,<br><br>Plaintiff,<br><br>v.<br><br>ALPHACORE CAPITAL LLC,<br><br>Defendant. | Case No. 20-cv-08679-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Pending before the Court is Defendant AlphaCore Capital LLC ("AlphaCore")'s motion to dismiss Plaintiff Eugene Mannacio's complaint, for which briefing is complete. Dkt. Nos. 19("Mot."), 24 ("Opp."), and 26 ("Reply"). Defendant alternatively moves to strike various allegations. For the following reasons, the Court **DENIES** Defendant's motion.[1]

I.  **MOTION TO DISMISS**

Plaintiff brings this Telephone Consumer Protection Act, 46 U.S.C. § 227 ("TCPA"), putative class action against Defendant on behalf of himself and a putative class of others similarly situated. *See generally* Dkt. No. 1 ("Compl."). Plaintiff alleges that Defendant violated a regulation, 47 C.F.R. § 64.1200, promulgated under the statute, in violation of 47 U.S.C. § 227(c)(5). Defendant seeks dismissal or an order striking the class allegations and purportedly irrelevant allegations. *See* Mot. at 2.

A.  **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
2  granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is
3  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support
4  a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th
5  Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a
6  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
7  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw
8  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
9  556 U.S. 662, 678 (2009).

10  In reviewing the plausibility of a complaint, courts "accept factual allegations in the
11  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
12  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless,
13  Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
14  fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
15  2008).

16  **B.  Discussion**

17  The TCPA affords a private right of action to any "person who has received more than one
18  telephone call within any 12-month period by or on behalf of the same entity in violation of"
19  relevant regulations. 47 U.S.C. § 227(c)(5). Plaintiff alleges that Defendant violated 47 C.F.R. §
20  64.1200(c)(2), which prohibits initiating any telephone solicitation to a "residential telephone
21  subscriber who has registered his or her telephone number on the national do-not-call registry."
22  Plaintiff alleges that his telephone number has been listed on the national do-not-call registry since
23  2003 and that Defendant made "at least two" telephone solicitations on December 2, 2020.
24  Compl. ¶ 22, 25. Specifically, Plaintiff alleges that "Plaintiff was not interested and hung up
25  during the first call," and that "Defendant called Plaintiff back a second time" to "again inquire as
26  to whether Plaintiff or his wife were interested in AlphaCore's investing services." *Id.* ¶ 26–31.

27  Defendant argues that Plaintiff fails to allege sufficient facts to show that either call
28  constitutes a "telephone solicitation." The TCPA defines "telephone solicitation" as "the initiation

2

of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(15). Defendant contends that Plaintiff fails to show that it "attempted to market a specific investment." Mot. at 6. Defendant also argues that the first call was "disconnected with nothing said and the other merely sought information." *Id.* at 7.

Viewing the allegations in the light most favorable to Plaintiff, the Court finds Defendant's arguments unpersuasive. First, Plaintiff details that he disconnected the first call because he "was not interested," suggesting that some level of discussion occurred to allow Plaintiff to discern the purpose of the call. *See* Compl. ¶ 26. Second, Defendant's contention that the purpose of the second call was solely informational misconstrues Plaintiff's allegations. Plaintiff adequately alleges that the purpose was to sell investment services. *See id.* ¶ 31. Further, Plaintiff effectively alleges that the purpose of both calls was to sell investment services, stating that the "purpose of the [second] call was to *again* inquire as to whether Plaintiff or his wife were interested in AlphaCore's investing services." *See id.* (emphasis added). Additionally, the context of the second call and the close temporal proximity to the first call supports the inference that Defendant sought to encourage the purchase of its investment services in both calls.[2] *See Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 WL 3750112, at *6 (N.D. Cal. June 15, 2015) (finding

---

[2] Defendant's citation to *Freyja v. Dun & Bradstreet, Inc.*, No. CV147831DSFMRWX, 2015 WL 6163590, at *2 (C.D. Cal. Oct. 14, 2015), does not change the Court's conclusion. In *Freyja*, the defendant moved for summary judgment and "provided several pieces of evidence to show that the call [at issue] was made for the purpose of acquiring information about the commercial services provided by Plaintiff." *Id.* In contrast, the plaintiff's "only [responsive] piece of evidence" was that she answered affirmatively to a question as to whether she believed the defendant "could have possibly been trying to sell you some type of product or service." *Id.* The court found that the plaintiff provided "no evidence that she was subjected to marketing during the call or any other reason to believe that the calls were for a sales purpose," and granted the defendant's motion for summary judgment on the ground that the call did not constitute a "telephone solicitation." *Id.* Even if the Court found *Freyja* persuasive, that case is distinguishable because (a) this case is at the pleading stage; and (b) there are no allegations to suggest Defendant was seeking to learn about any services offered by Plaintiff. Instead, Plaintiff has alleged that Defendant discussed its own investment services.

1  that "[e]ven if Plaintiff did not discern the purpose of some of the calls," the context supported that

2  subsequent calls were initiated to sell services). Lastly, Defendant cites no convincing authority to

3  support its contention that the caller must "attempt[] to market a specific investment." *See* Mot. at

4  6.

5        The allegations support a reasonable inference that Defendant made two telephone

6  solicitations within a 12-month period to a number on the do-not-call registry. No more is

7  required at this stage. Accordingly, the Court **DENIES** Defendant's motion to dismiss.

8  **II.  MOTION TO STRIKE**

9        Alternatively, Defendant moves to strike various allegations in the complaint.

10  Specifically, Defendant seeks to strike certain TCPA-related background information, the class

11  definition, and nearly all of Plaintiff's class allegations. Mot. at 7–13.

12      **A.  Legal Standard**

13        Federal Rule of Civil Procedure 12(f) provides that a court may strike "from any pleading

14  any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See*

15  Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time

16  and money that must arise from litigating spurious issues by dispensing with those issues prior to

17  trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to

18  strike "should be denied unless the matter has no logical connection to the controversy at

19  issue *and* may prejudice one or more of the parties to the suit." *Hatamian v. Advanced Micro*

20  *Devices, Inc.*, No. 14-CV-00226-YGR, 2015 WL 511175, at *1 (N.D. Cal. Feb. 6, 2015) (citing

21  Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (1990)). "In the

22  absence of such prejudice, courts have denied Rule 12(f) motions 'even though the offending

23  matter literally [was] within one or more of the categories set forth in Rule 12(f).' " *Id.* "With a

24  motion to strike, just as with a motion to dismiss, the court should view the pleading in the light

25  most favorable to the nonmoving party." *Taylor v. Shutterfly, Inc.*, No. 18-CV-00266-BLF, 2020

26  WL 1307043, at *4 (N.D. Cal. Mar. 19, 2020) (citation omitted).

27      **B.  Discussion**

28        Defendant seeks to strike four paragraphs that provide background on the TCPA on the

4

grounds that the information is immaterial and impertinent. Mot. at 7–8. Defendant further characterizes these allegations as "inflammatory." *Id.* at 8. As an initial matter, the paragraph containing information relating to the do-not-call-registry clearly has a direct connection to Plaintiff's cause of action. Defendant correctly notes that the other paragraphs provide background information on robocalls pertinent to a different section of the TCPA, but it cannot be said the information has no logical connection to the matter.[3] Accordingly, the Court denies Defendant's request as to the four paragraphs providing TCPA-related background information.

Defendant also seeks to strike the class definition and allegations relating to numerosity, commonality, typicality, and superiority as defective or conclusory. Mot. at 8–13. Defendant argues that the class definition that includes "persons who received more than one call *advertising* [Defendant's] goods or services," is defective because it incorporates language from the definition of "unsolicited advertisements" under 47 U.S.C. § 227(a)(5), which has "nothing to do" with an action alleging unlawful telephone solicitations.[4] Mot. at 9 (emphasis added); Reply at 11. Defendant also argues that the class is "unascertainable and unidentifiable as it would require individualized inquires into whether class members consented." Reply at 11.

"A court may strike class allegations prior to discovery where the complaint shows that a class action cannot be maintained on the facts alleged." *Panacci*, 2015 WL 3750112, at *4 (internal quotation marks and citation omitted). "[A]lthough district courts have authority to strike class allegations at the motion to dismiss stage, courts generally refrain from doing so because such motions are usually premature before the issue of class certification is before the court." *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 849 (N.D. Cal. 2019); *see also Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1079 (N.D. Cal. 2020) (finding that defendant "ha[d] not carried its burden to show" case was "one of the rare cases in which class allegations should be

---

[3] For example, though Plaintiff references prior express consent with respect to "telemarketing robocalls," prior express consent is relevant to Plaintiff's cause of action. *See* 47 U.S.C. § 227(a)(4) (defining "telephone solicitation" as excluding calls or messages made with a person's "prior express invitation or permission").
[4] To the extent Defendant is correct that the use of "advertising" improperly incorporates language from other provisions of the TCPA, there is no reason to believe this could not be addressed by amending the class definition at the certification stage to include a different word.

5

stricken prior to certification"). The Court finds that discovery is warranted and declines to rule on the propriety of the class definition or class allegations at the pleading stage. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). The Court will instead address whether Plaintiff meets the requirements for class certification if a motion for class certification is filed. Accordingly, Defendant's request to strike the class definition and various class allegations is **DENIED**.

### III. CONCLUSION

The Court **DENIES** Defendant's motion to dismiss or strike. The Court **CONTINUES** the case management conference from May 6 to May 11, 2021 at 2:00 p.m. The Court **DIRECTS** the parties to submit a joint case management statement by May 6, 2021. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated: 4/29/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge