CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
ADAM C. WITT, SBN 271502
EMAIL: awitt@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendant AlphaCore Capital LLC

Susan S. Brown, SBN 287986
EMAIL: susan@susanbrownlegal.com
**SUSAN BROWN LEGAL SERVICES**
388 MARKET STREET – SUITE 1300
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 712-3026

[Additional counsel appear on signature page]

Attorneys for Plaintiff Eugene Mannacio and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EUGENE MANNACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHACORE CAPITAL LLC,<br><br>Defendant. | CASE NO: 4:20-cv-08679-HSG<br><br>STIPULATION FOR REMOTE DEPOSITIONS; ORDER<br><br>Assigned to:<br>Hon. Haywood S. Gilliam, Jr.,<br>Courtroom 2<br><br>Complaint Filed:   December 8, 2020<br>Trial Date:   Not Set |

WHEREAS, the parties to this action, witnesses, and counsel are located in geographically distant locations including San Francisco, San Diego, and out of state locations such as Massachusetts and Wisconsin, making in-person depositions costly and burdensome for both sides;

/ / / / /

/ / / / /

WHEREAS, holding depositions by videoconference is the preferred solution for mitigating costs and burdens associated with in-person deposition locations that are geographically distant and inconvenient to both sides;

WHEREAS the COVID-19 pandemic continues to make in-person depositions inadvisable due to continued health concerns associated with gatherings, airline travel, public transportation, and public and private restrictions in California and throughout the United States;

WHEREAS, it is uncertain when these health concerns will end and associated restrictions lifted;

WHEREAS, the parties to the above-captioned action have agreed to conduct depositions in a manner that minimizes travel to distant locations and associated costs, avoids exposure to COVID-19, and complies with COVID-19 related restrictions;

WHEREAS, under Rule 29(a) of the Federal Rules of Civil Procedure, the parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition;"

WHEREAS, under Rule 30(b)(4) of the Federal Rules of Civil Procedure, the parties "may stipulate . . . that a deposition be taken by telephone or other remote means;"

NOW, THEREFORE, Plaintiff Eugene Mannacio and Defendant AlphaCore Capital LLC, by and through their counsel of record, stipulate and agree that all depositions will be taken remotely in this action ("Remote Depositions") and that the following procedures apply to Remote Depositions:

1. The parties agree to use mutually agreeable video-conferencing computer applications with remote exhibit-sharing platforms (the "Remote Deposition Platforms") for all Remote Depositions.

/ / / / /

2.  Remote Depositions shall be conducted using the Remote Deposition Platforms. Each attorney shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment that reliably supports: (a) high quality video upload (from the deponent) and download (to other Participants); (b) no material time discrepancy between audio and video; and (c) consistent connectivity with no material disruptions. The defending attorney shall also ensure that each witness has access to a computer that supports the Remote Deposition Platforms and enables the witness to view exhibits.

3.  At least three (3) days prior to the Remote Deposition, the defending attorney shall confirm with the witness and/or counsel for the witness whether the witness has access to the equipment set forth in Paragraph 2.

4.  Under Rule 30(b)(5)(A), Remote Depositions will be conducted before a court reporter who shall have the authority of an officer appointed or authorized under Rule 28 with respect to administering Remote Depositions.

5.  The court reporter may administer the oath or affirmation to the witness, as required by Federal Rules of Civil Procedure 28(a) and 30(c), through the Remote Deposition Platforms from a different physical location than the witness, and such oath or affirmation shall be deemed valid and effective under applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the witness. Accordingly, the court reporter need not be separately certified in the jurisdiction where the witness is physically located during the Remote Deposition.

6.  The videographer, if any, shall record the Remote Deposition at the direction of the court reporter and shall not record the Remote Deposition during times when the court reporter indicates that the Remote Deposition is off the record. For purposes of Rule 30(c)(1), the videographer shall be considered to be acting in the presence and under the direction of the court reporter, so long as the videographer is able to hear and take direction from the court reporter, even

though the videographer may be in a different physical location than the court reporter.  A videographer may only be present if the deposition has been duly noticed as a video deposition.  In non-video depositions, the court reporter may record the deposition for stenographic purposes only; in such situations neither the parties nor the Participants will have access to the footage.

7. The Remote Deposition Platforms shall be used to mark and publish all exhibits used during the Remote Deposition.  Subject to the terms of the Protective Order (ECF No. 42), entered on June 23, 2021 ("Protective Order") which is incorporated herein by this reference as though set forth in full, exhibits marked using the Remote Deposition Platforms shall be attached to the deposition record to the same extent as if the exhibits were physically marked during an in-person deposition.

8. The questioning attorney may choose to provide hard copy exhibits for use by the witness during the deposition, in addition to marking and publishing the exhibits using the Remote Deposition Platforms.  In any such instance, the questioning attorney shall send hard copies of any such exhibit in a sealed package to both the witness and the defending attorney.  The witness and any attorney receiving a sealed exhibit package will not open the package until instructed to do so by the questioning attorney during the Remote Deposition.  Documents designated as Confidential or Highly Confidential under the Protective Order, shall be sent by FedEx, UPS, or another courier service that allows for the tracking of packages and in a manner designed to preserve the documents' confidentiality.  Any addresses provided to facilitate the delivery of hard copy exhibits shall be treated as Confidential under the Protective Order and will not be used for any purpose other than delivering hard copy exhibits in connection with Remote Depositions.  Within five days following the completion

/ / / / /

/ / / / /

of the Remote Deposition, the witness and any receiving attorney shall destroy or return any hard copy documents to the questioning attorney by FedEx, UPS, or another courier service that allows for the tracking of packages.

9. Before questioning about an exhibit, the questioning attorney shall make complete copies of that exhibit available to all Participants through the Remote Deposition Platforms.

10. Upon the request of a witness or the witness's counsel, the questioning attorney shall provide the witness an adequate opportunity to review in full any marked and published exhibit.

11. The questioning attorney, the defending attorney, the witness, and anyone in the same room as the witness shall each keep their respective cameras turned on and be visible to the questioning attorney while the Remote Deposition is being conducted. Participants may turn off their cameras and microphones during breaks and when the Remote Deposition is not on the record.

12. In the event that counsel of record for any party becomes aware or suspects that counsel of record for another party or the witness may have been disconnected from the audio or video, counsel shall promptly so state on the record. In that event, all questioning shall cease until counsel or the witness is re-connected. The parties agree to cooperate with respect to any delays occasioned by connectivity issues or the need to ensure that all counsel of record for any party are participating in the Remote Deposition.

13. No Participant shall communicate or attempt to communicate with the witness while the Remote Deposition is being conducted on the record through any means other than the Remote Deposition Platforms, except that the videographer, court reporter, or the person providing remote technological support for the Remote Deposition Platform during the Remote Deposition may communicate with the witness to resolve technical issues. Notwithstanding this provision, subject to all otherwise applicable rules, defending counsel may

communicate privately with the witness by any means at any time during breaks in the Remote Deposition or if the court reporter otherwise suspends the Remote Deposition.

14. If privileged information is disclosed during the Remote Deposition due to a technical disruption, or to the extent any privileged conversation between a witness and the attorney is captured by a videoconferencing or other recording device, the other Participants shall promptly notify the attorney and such disclosure shall not be deemed a waiver of privilege and shall be removed from the transcript and the video recording of the Remote Deposition.

15. The parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATE: July 22, 2021              Respectfully submitted,

                                 FINCH, THORNTON & BAIRD, LLP

                                 By: *s/ Marlene C. Nowlin*
                                     CHAD T. WISHCHUK
                                     ADAM C. WITT
                                     MARLENE C. NOWLIN
                                 Attorneys for Defendant AlphaCore Capital LLC

DATE: July 22, 2021              Respectfully submitted,

                                 TURKE & STRAUSS LLP

                                 By: *s/ Raina C. Borrelli*
                                     RAINA C. BORRELLI
                                 Attorneys for Plaintiff Eugene Mannacio

I, Marlene C. Nowlin, attest that Raina C. Borrelli, counsel for plaintiff, agrees to the above stipulation and has authorized the filing of this document.

                                 *s/ Marlene C. Nowlin*
                                 MARLENE C. NOWLIN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: __7/26/2021__         _/s/ Haywood S. Gilliam Jr._
                             United States District Judge

2087.006/3MB0078.axm

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100